RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Nisha_Brooks-Whittington@fd.org
Attorney for Terrance McNichols

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Respondent/Plaintiff,<br><br>      v.<br><br>TERRANCE MCNICHOLS,<br><br>            Petitioner/Defendant. | Case No. 2:07-CR-130-RCJ-PAL<br><br>**JOINT MOTION TO CORRECT<br>SENTENCE UNDER 28 U.S.C. § 2255** |

Petitioner/Defendant, Terrance McNichols, by and through his counsel of record, Rene L. Valladares, Federal Public Defender, and Nisha Brooks-Whittington, Assistant Federal Public Defender, and the United States, by and through counsel of record, Daniel G. Bogden, United States Attorney, and Elizabeth O. White, Appellate Chief and Assistant United States Attorney, respectfully move this Court to vacate and correct Mr. McNichols's sentence under 28 U.S.C. § 2255. The parties jointly recommend this Court resentence Mr. McNichols to 120 months' imprisonment, to be followed by three years of supervised release.

I.      **INTRODUCTION**

On February 11, 2008, Terrance McNichols ("Mr. McNichols") pled guilty to one count of felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 36. At sentencing, the Court found that Mr. McNichols qualified as an Armed Career

Criminal under 18 U.S.C. § 924(e)(2)(B) ("ACCA"), and sentenced him to 192 months' imprisonment. ECF No. 38. In doing so, the Court relied on, among other things, two prior offenses (battery constituting domestic violence) that were "violent felonies" only by virtue of the ACCA's residual clause. *See* Presentence Investigation Report ("PSR") ¶¶ 42, 45. Mr. McNichols did not appeal.

In June 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). *Johnson* held that the residual clause of the ACCA's "violent felony" definition is void for vagueness. *Id.* The Supreme Court subsequently held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

On June 21, 2016, Mr. McNichols filed a Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") seeking sentencing relief under *Johnson*, 136 S. Ct. 1257. ECF No. 54. On August 16, 2016, this Court ordered the government to file a response on or before August 29, 2016, and Mr. McNichols to file a reply on or before September 9, 2016. ECF No. 55. This Court also scheduled the matter for oral argument for September 19, 2016, at 10:30 a.m. in Reno, Nevada. *Id.* On August 26, 2016, the government filed its response to the Motion to Vacate. ECF No. 56. The government conceded that in light of *Johnson*, Mr. McNichols no longer qualifies as an Armed Career Criminal and that Mr. McNichols should be resentenced without application of the ACCA. *Id.* at 2. As a result of the government's concession, Mr. McNichols files the instant Joint Motion in lieu of a reply.

The parties agree that *Johnson* and *Welch's* holdings regarding the ACCA's residual clause is retroactive to ACCA cases on collateral review, and further agree that, as a result of *Johnson*, Mr. McNichols's battery constituting domestic violence convictions cannot qualify as predicate ACCA offenses. Thus, the parties agree that Mr. McNichols is "actually innocent" of being an Armed Career Criminal as defined in 18 U.S.C. § 924(e), and his sentence of

192-months is—in light of *Johnson*—a *per se* illegal sentence because it exceeds the 10-year statutory maximum penalty that applies to his offense of conviction in the absence of an ACCA sentence enhancement.

In light of *Johnson*, Mr. McNichols's sentence is "in excess of the maximum authorized by law," and he is entitled to relief under 28 U.S.C. § 2255. Specifically, he is entitled to resentencing without application of the ACCA. Although the parties initially disagreed about the requested sentence,[1] the parties now agree to respectfully requests this Court grant this Joint Motion, vacate Mr. McNichols's sentence, and resentence him to 10-years imprisonment, the statutory maximum sentence for the offense of conviction.

## II.  STATEMENT OF FACTS

In February 2008, Mr. McNichols was convicted, on his guilty plea, of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). ECF No. 38. That offense normally carries a maximum term of ten years. *See* 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2). The ACCA, however, mandates a 15-year minimum sentence and a maximum term of life in prison for a felon who has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1).

The Pre-sentence Investigation Report ("PSR") found that Mr. McNichols had four qualifying prior convictions that triggered the ACCA enhancement: two Nevada felony convictions for battery constituting domestic violence (*see* PSR ¶¶ 42, 45); and two California felony convictions for assault with a deadly weapon (*see* PSR ¶¶ 43, 50). At sentencing, the Court found that Mr. McNichols qualified as an Armed Career Criminal under 18 U.S.C. § 924(e)(2)(B), and sentenced him to 192 months' imprisonment, to be followed by five years of supervised release. ECF No. 38. Without the ACCA enhancement, the statutory maximum for

---

[1] While the parties agree that without application of the ACCA, the applicable guideline range is 92-115 months, ECF Nos. 54 at 3, 56 at 3, 11, 12, Mr. McNichols's Motion to Vacate requested a sentence of 100 months, ECF No. 54 at 15 and the government's response requested a sentence of 120 months, the statutory maximum sentence for the offense of conviction, ECF No. 56 at 12.

3

Mr. McNichols's offense was 10 years under 18 U.S.C. § 924(a)(2).  Mr. McNichols has been in federal custody since July 3, 2007. *See* PSR at p. 1.

### III.   THE *JOHNSON* DECISION IS RETROACTIVE TO ACCA CASES ON COLLATERAL REVIEW

When the Supreme Court announces a new rule, "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding," *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013), with two exceptions.  As relevant here, "[n]ew substantive rules generally apply retroactively" on collateral review, including "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004).  In *Welch*, the Supreme Court held that the rule announced in *Johnson* is a new substantive rule that is retroactive to cases on collateral review. 136 S. Ct. at 1268.

### IV.   IN LIGHT OF *JOHNSON*, MR. MCNICHOLS DOES NOT HAVE THREE PREDICATE VIOLENT FELONIES UNDER THE ACCA

As explained above, this Court based its determination that Mr. McNichols was an Armed Career Criminal on his four prior felony convictions, two of which qualified as violent felonies only under the residual clause.  Because the residual clause is now void, Mr. McNichols's prior battery constituting domestic violence convictions do not qualify as ACCA predicates and he does not have the requisite three predicate convictions to qualify as an Armed Career Criminal under 18 U.S.C. § 924(e).

A sentence that exceeds the statutory maximum, as here, is *per se* illegal and must be corrected on collateral review. *See* 28 U.S.C. § 2255(a) (authorizing collateral relief for a sentence "in excess of the maximum authorized by law"); *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) (granting § 2255 relief where an erroneous ACCA sentence exceeded the non-ACCA statutory maximum).  Further, an ACCA sentence based on the residual clause

violates the Constitution's Due Process Clause. *See* § 2255(a) (authorizing collateral relief for a sentence "imposed in violation of the Constitution or laws of the United States); *Johnson*, 135 S. Ct. at 2563.

## V. CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court grant the instant Joint Motion, vacate Mr. McNichols's sentence, and sentence him to 120-months imprisonment to be followed by three years of supervised release. Should this Court grant the instant Joint Motion, Mr. McNichols further requests this Court to vacate the currently scheduled Oral Argument that is set for 10:30 a.m. on September 19, 2016, in Reno, Nevada.[2]

Dated this 7th day of September, 2016.

Respectfully submitted,

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | DANIEL G. BOGDEN<br>United States Attorney |
| By: */s/ Nisha Brooks-Whittington*<br>NISHA BROOKS-WHITTINGTON<br>Assistant Federal Public Defender<br>District of Nevada<br>411 E. Bonneville Ave. Suite 250<br>Las Vegas, NV 89101<br>Phone: 702-388-6577<br>Fax: 702-388-6261<br>Attorneys for Terrance McNichols | */s/ Elizabeth O. White*<br>ELIZABETH O. WHITE<br>Appellate Chief and<br>Assistant U.S. Attorney<br>District of Nevada<br>100 West Liberty, Suite 600<br>Reno, Nevada 89523<br>Phone: 775-784-5438<br>Attorneys for the United States |

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE
DATED: This 16th day of September, 2016.

---

[2] Undersigned counsel, Nisha Brooks-Whittington discussed this case with Mr. McNichols and he agrees with the representations herein and further waives his right to be present at any resentencing hearing, *see* Fed. R. Crim. P. 43(b)(3).

5